STATE OF NEW JERSEY, PLAINTIFF, v. ANDRE
SPOTWOOD, DEFENDANT.

Superior Court of New Jersey
Law Division—Criminal
Union County

Decided December 20, 1984.

*Patrick Durning,* for plaintiff.

*Frank Krack,* for defendant.

McKENZIE, J.S.C.

This written opinion is supplemental to and in amplification of a bench opinion previously rendered.

The indictment charges defendant with murder in that he did by his own hand, shoot and kill Clifton Ferrell, contrary to *N.J.S.A.* 2C:11–3 a (1) or (2).[1] Pursuant to *R.* 3:13–4(a)[2] the State gave notice of two aggravating factors that it intended to establish in the sentencing proceeding to support a sentence of death.

The State first gave notice that it intended to prove that "in the commission of the murder, the defendant purposely or knowingly caused a grave risk of death to another person in

---

[1]*N.J.S.A.* 2C:11–3a (1) and (2) provide that

except as provided in section 2C:11–4 criminal homicide constitutes murder when:

(1)  The actor purposely causes death or serious bodily injury resulting in death;  or

(2)  The actor knowingly causes death or serious bodily injury resulting in death ...

[2]*R. 3:13–4(a) provides that*

the prosecuting attorney shall provide the defendant ... with an itemization setting forth the aggravating factors he intends to prove at the sentencing hearing together with all discovery bearing on these factors.

addition to the victim." *N.J.S.A.* 2C:11–3 c (4)(b). Several months later, the State gave notice that it also intended to prove that "the murder was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim." *N.J.S.A.* 2C:11–3 c (4)(c). The issue here is whether defendant's motion for an evidentiary hearing to dismiss the second aggravating factor must be resolved before the guilt determination phase of the trial.

Defendant urges that the holding in *State v. McCrary,* 97 *N.J.* 132 (1984) requires that such a hearing be allowed. Not so. First, the Court in *McCrary* specifically noted that while it approves in limited circumstances of the pretrial review of the aggravating factors, it does not mandate such a review. *Id.* at 141.

In addition, defendant in *McCrary* sought dismissal of both aggravating factors claimed by the prosecutor. The present motion seeks only dismissal of the second aggravating factor. Dismissal of both aggravating factors in the *McCrary* case would dispose of the need for a death-qualified jury and a separate sentencing hearing, and would free defendant from the specter of the death penalty. In contrast, dismissal here of the second aggravating factor would not avoid any of these problems which the Court in *McCrary* pointed to as justification for a pretrial review of aggravating factors. There would still remain the first aggravating factor which will require the case to proceed as a capital case, regardless of whether there is a second aggravating factor.

Entertainment of defendant's motion before the guilt determination phase of the trial would be a needless exercise of judicial action. Any verdict other than one which convicts defendant under *N.J.S.A.* 2C:11–3(a)(1) or (2) would render this motion moot. If defendant is convicted under one of these subsections, then a hearing to dismiss the second aggravating factor may be conducted before the commencement of the penalty phase of the trial. Disposition at this time would result

in the resolution of issues which need not be addressed now, nor perhaps at any time. As Justice Handler stated in his opinion (concurring in part and dissenting in part) in *In re Professional Ethics Advisory Committee Opinion 475*, 89 *N.J.* 74 (1982), "(s)uch matters should be kept at arms-length until their proximity to the heart of the controversy makes hand-to-hand combat with them unavoidable." *Id.* at 100.

Since *McCrary* indicates that an evidentiary hearing would be rare, in all likelihood the present motion, if still viable, could be disposed of summarily, and therefore not unduly prolong the commencement of the penalty phase of the trial.

█ Thus, a motion for an evidentiary hearing to dismiss an aggravating factor should only be considered before the guilt determination phase of the trial when the granting of the motion would eliminate the possibility of the death penalty or serve some other substantial purpose (*e.g.*, where defendant's trial preparations relative to the aggravating factor would entail an extraordinary expenditure of time or money). Since the case at bar does not fall under either of these exceptions, the court will reserve argument and decision on this issue, if still viable, until after the guilt phase of the trial.